IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., and UNILOC LUXEMBOURG S.A., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 6:12-cv-466 |
| | ) ) | **JURY TRIAL DEMANDED** |
| GAMELOFT S.A., | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT GAMELOFT S.A.'S ANSWER

Defendant Gameloft S.A. files this Answer to Uniloc USA, Inc.'s and Uniloc Luxembourg S.A.'s ("Uniloc") Complaint for Patent Infringement.

## FACTUAL BACKGROUND

1. Digital Rights Management ("DRM") technology has been available for decades to control access to copyrighted materials. The video game industry has used DRM since the mid 1980's in an effort to control illegal copying and distribution of video games. Early examples of DRM in the video game space include: physical protection appearing on floppy disks, compact discs, and game cartridges, as well as registering games online via a server. By the early 2000s, the timeframe from which the Asserted Patent emerged, the DRM space was well developed.

2. The Asserted Patent was originally assigned to Martin Edelman, during a time when he was employed at Creative Systems Software, Inc. Creative Software's website from the early 2000s indicates that Creative was offering a very specific DRM technology it branded the "Smartcard Software Protector," which was "a software

1

licensing and management system that prevents unauthorized software use." Creative Software described this commercial offering with reference to Figure 5 of the Asserted Patent. On information and belief, no one associated with Uniloc had any involvement in the development of Creative Software's commercial system or with the Asserted Patent. Instead, Uniloc, on information and belief, acquired the Asserted Patent in 2012 and promptly thereafter initiated the instant lawsuit.

   3. Now, Uniloc, untethered from any historic record of innovation related to its acquired patent, broadly suggests that the Asserted Patent relates to the ability of an application on a portable device to "require communication with a server to perform a license check to prevent unauthorized use of said application." Complaint at ¶ 12. Such technology was widely known well before the Asserted Patent. For example and without limitation, at least as early as June 1999, Intertrust developed just such a system, and disclosed the same in U.S. Patent No. 5,910,987 ("'987 Patent"). The Intertrust system, as described in the '987 Patent, provided users the ability to access protected content or applications on multiple electronic devices via use of a portable storage medium that contained the user's license data. The licensing data would be transmitted to a remote server that would verify the license data and allow or deny access to the protected content based on the results of the verification process. In another similar example from 1998, disclosed in U.S. Patent No. 5,790,664, a licensing system allows access to protected software only after receiving an updated authorization code from a password administrator server. The password administrator compares previous registration data with current registration data to verify authorized use of the software. If the password administrator determines that the client is authorized to use the software, it sends an

updated authorization code. Alternatively, the password administrator sends a code disabling the software if it determines that the client is not authorized to use the software. Such server-based DRM systems, which Uniloc suggests is the subject matter of the Asserted Patent it acquired, were well known before the Asserted Patent.

## THE PARTIES

4. Gameloft S.A. lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies the same.

5. Gameloft S.A. lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies the same.

6. Gameloft S.A. lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and therefore denies the same.

7. Paragraph 4 of the Complaint is admitted.

## JURISDICTION AND VENUE

8. In connection with Paragraph 5 of the Complaint, Gameloft S.A. admits that Uniloc's Complaint purports to be an action for patent infringement under the patent laws of the United States, particularly 35 U.S.C. § 271. Gameloft S.A. further admits that this Court has subject matter jurisdiction over meritorious actions for patent infringement generally under 28 U.S.C. §§ 1331 and 1338(a). Gameloft S.A. denies, however, Uniloc's Complaint sets forth a valid or meritorious claim, and denies any patent infringement.

9. In connection with Paragraph 6 of the Complaint, Gameloft S.A. admits that it has done business in this District and does not contest that this Court has personal jurisdiction over it. Gameloft S.A. denies, however, that it committed any acts of patent

infringement in this District. Gameloft S.A. denies that this District is the most appropriate or convenient forum for adjudication of the claims alleged in this action.

10. In connection with Paragraph 7 of the Complaint, Gameloft S.A. admits that it has done business in this District and does not contest that this Court has personal jurisdiction over it. Gameloft S.A. denies, however, that it committed any acts of patent infringement in this District or anywhere else.

## COUNT 1
### (INFRINGEMENT OF U.S. PATENT NO. 6,857,067)

11. Paragraph 8 of the Complaint is denied.

12. Gameloft S.A. admits that the Asserted Patent is titled "SYSTEM AND METHOD FOR PREVENTING UNAUTHORIZED ACCESS TO ELECTRONIC DATA." Gameloft S.A. is without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 9 of the Complaint, and therefore denies the same.

13. Gameloft S.A. is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10, and therefore denies the same.

14. Paragraph 11 of the Complaint is denied.

15. Paragraph 12 of the Complaint is denied.

16. Paragraph 13 of the Complaint is denied.

### JURY DEMAND

Gameloft S.A. admits that Uniloc demands a trial by jury for all issues so triable.

### PRAYER FOR RELIEF

Gameloft S.A. denies that Uniloc is entitled to any relief in connection with the allegations of Uniloc's Complaint, including, without limitation, the allegations of paragraph (a) through (e) of Uniloc's Prayer for Relief and demand for judgment.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense:
#### (Non-Infringement)

Gameloft S.A. has not infringed, either literally or under the doctrine of equivalents, the '067 patent.

#### Second Affirmative Defense
#### (Invalidity)

One or more claims of the '067 patent is invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

#### Third Affirmative Defense
#### (Lack of Standing)

Uniloc lacks standing to assert the '067 patent.

DATED:  October 15, 2012  Respectfully submitted,

ERISEIP, P.A.

By: /s/ *Megan J. Redmond*
Megan J. Redmond (*pro hac vice*)
Eric A. Buresh (*pro hac vice*)
Caroline A. Bader (*pro hac vice*)
ERISE IP, P.A.
6201 College Blvd., Suite 300
Overland Park, Kansas  66211
(913) 777-5600
(913) 777-5601 – fax
megan.redmond@eriseip.com

Melissa R. Smith

              GILLAM & SMITH, LLP
              303 South Washington Avenue
              Marshall, Texas  75670
              (903) 934-8450
              (903) 934-9257 – fax
              Melissa@gillamsmith.com

              *Attorneys for Defendant Gameloft S.A.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record have been served with a copy of this document via the Court's CM/ECF system this 15th day of October, 2012.

/s/ *Megan J. Redmond*
Megan J. Redmond